# UNITED STATES DISTRICT COURT
for the
## Western District of Kentucky
## Louisville Division

| | | |
|---|---|---|
| Charles Shockency | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. 3-15-cv-687-CRS |
| | ) | |
| Equifax Information Services, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| CSC-Lawyers Inc. Service Co. | ) | |
| 421 West Main St. | ) | |
| Frankfort, KY 40601-1550 | ) | |
| | ) | |
| Trans Union, LLC | ) | |
| *Defendant* | ) | |
| Serve: | ) | |
| The Prentice Hall Corp. System | ) | |
| 421 West Main Street | ) | |
| Frankfort, KY 40601 | ) | |

# COMPLAINT and DEMAND FOR JURY TRIAL

## INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2.      Plaintiff Charles Shockency and his wife have long dreamed of owning their own home. Recently, they found the perfect house. Mr. Shockency immediately began the loan application process. He applied for a loan with the Century Mortgage Company in Louisville, KY. When his loan originator pulled a copy of his tri-merged credit report, they discovered two judgments erroneously appearing in the public record section of his credit report. Additionally, the tri-merged credit report included an erroneous alternate social security number and erroneous address, both of which belonged to Mr. Shockency's father.

3.      It became readily apparent that Defendants Equifax Information Services, LLC ("Equifax") and Trans Union, LLC had mis-merged his father's credit information with Mr. Shockency's credit file. As a result of the discovery of this erroneous information, Mr. Shockency had to retain counsel to clear up the errors as soon as possible in order to qualify for the loan before he and wife lost the opportunity to buy their dream home.

4. These and other acts by Equifax and Trans Union's violate their duties under the FCRA to maintain the maximum possible accuracy of Mr. Shockency's consumer credit report.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

## PARTIES

6. Plaintiff Charles Shockency is a natural person who resides in Jefferson County, Ky. Mr. Shockency is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

7. Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

8. Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60661. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

9. In June of 2015, Mr. Shockency applied for a home loan with the Century Mortgage Company for the purpose of obtaining financing to buy his and wife's dream home.

10. The Shockencys had a very tight window to qualify for the loan in order to get the house before it went to another buyer.

11. Century Mortgage denied Mr. Shockency's application in large part because of the appearance of two judgments in the public record section of his tri-merged consumer credit report as reported by Equifax and Trans Union.

12. In particular, there was a default judgment listed in the case of *LVNV Funding, LLC v. Shockency*, 07-CI-011800 entered on July 10, 2008, which was reported by both Equifax and Trans Union.

13. There was a second default judgment listed in the case of *Unifund CCR Partners v. Shockency*, 08-CI-001655 entered on November 26, 2008, which was reported by Trans Union.

14.     A review of online docket sheets revealed that the defendant in both cases was Mr. Shockency's father and not Mr. Shockency.

15.     That Mr. Shockency's father was the defendant was easily ascertained because the defendant's address listed on the docket was the address for Mr. Shockency's father.

16.     Because the online docket sheets are not official records, counsel had to obtain the court file for each case in order to present satisfactory proof to the loan originator at Century Mortgage that the information on Mr. Shockency's tri-merged credit report was erroneous.

17.     Counsel was also able to obtain a letter from LVNV Funding, LLC's counsel stating that the defendant in the LVNV lawsuit had a different address and social security number from Mr. Shockency.

18.     The court file for the Unifund CCR Partners case included a judgment lien with Mr. Shockency's address and full social security number.

19.     Counsel also sent dispute letters with supporting documentation to Equifax and Trans Union.

20.     The extra effort to fix Equifax and Trans Union's errors on his consumer credit report: (1) report Mr. Shockency to lose time and wages from his employment; (2) caused Mr. Shockency substantial worry, emotional distress, and anxiety; (2) caused Mr. Shockency to incur legal fees and costs.

21.      Equifax allowed Mr. Shockency's credit file to be mis-merged with his father's credit file.

22.     Trans Union allowed Mr. Shockency's credit file to be mis-merged with his father's credit file.

## CLAIMS FOR RELIEF

23.     The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

24.     Equifax and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it furnished to users concerning Mr. Shockency.

25.     Equifax and Trans Union's conduct, actions and inactions were willful, rendering Equifax and Trans Union liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

26.     In the alternative,  Equifax and Trans Union's conduct, actions and inactions were negligent rendering Trans Union liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Charles Shockency requests that the Court grant him the following relief:

1.     Award Plaintiff actual damages;

2.     Award Plaintiff maximum statutory damages against each Defendant;

3.     Award Plaintiff punitive damages against each Defendant;

4.     Award Plaintiff reasonable attorney's fees and costs; and

5.     Such other relief as may be just and proper.


Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel:     (502) 473-6525
Fax:     (502) 473-6561
james@kyconsumerlaw.com